IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUADALUPE GARCIA, on behalf of himself and all other similarly situated persons, known and unknown, and EDGAR MALDONADO, <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCED MOVING AND STORAGE, INC. and JAMES LALAGOS, <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) Judge <br> ) <br> ) Magistrate Judge <br> ) <br> ) <br> ) <br> ) |

**CLASS ACTION COMPLAINT**

Plaintiffs Guadalupe Garcia, on behalf of himself and all other similarly situated individuals, known and unknown, and Edgar Maldonado, on behalf of himself, through their attorneys, against Advanced Moving and Storage, Inc. ("Advanced Moving") and James Lalagos, individually, (collectively "Defendants") states as follows:

**I.    NATURE OF THE CASE**

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA") for: (1) Defendants' failure to pay Plaintiff Garcia and other similarly situated employees Illinois and federal-mandated minimum wages for all time worked in a given work week during at least the three years prior to the filing of this lawsuit ("Relevant FLSA/IMWL Period"); (2) Defendants' failure to pay Plaintiff Garcia and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks during at least the three years prior to the filing of this lawsuit ("Relevant FLSA/IMWL Period"); and (3) Defendants' unlawful deductions made from

1

Plaintiffs and other similarly situated employees' wages without proper authorization as required by the IWPCA in the ten years prior to the filing of this lawsuit ("Relevant IWPCA Period"). Plaintiff Garcia brings his FLSA claims as a collective action pursuant to Section 216(b) of the FLSA and his consent to represent is attached as Exhibit A. Plaintiff Garcia will seek to certify his Illinois claims under the IMWL and IWPCA as a class action pursuant to *Fed. R. Civ. Pro.* 23.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff Garcia's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district as Defendants' place of business is located within this judicial district and the events giving rise to Plaintiffs' claims occurred in this judicial district.

## III. PARTIES

**Plaintiffs**

### *Plaintiff Garcia*

4. At all relevant times, Plaintiff Garcia has resided in and has been domiciled in the State of Illinois and within this judicial district.

5. At all relevant times, Plaintiff has been Defendants' "employee" as defined by the FLSA, 29 U.S.C. §201, *et seq*., the IMWL, 820 ILCS 105/1, *et seq*. and the IWPCA, 820 ILCS 115/1, *et seq.*

### *Plaintiff Maldonado*

6. At all relevant times, Plaintiff Maldonado has resided in and has been domiciled in the State of Illinois and within this judicial district.

2

7. At all relevant times, Plaintiff has been Defendants' "employee" as defined by the IWPCA, 820 ILCS 115/1, *et seq*.

**<u>Defendants</u>**

*Advanced Moving*

8. Within the relevant time period, Defendant Advanced Moving:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has had its principal place of business at 490 Windy Point Dr., #300, Glendale Heights, IL 60139, within this judicial district;

   c. has conducted business in Illinois and within this judicial district;

   d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

   f. has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

*James Lalagos*

9. During the relevant time period, Defendant James Lalagos:

   a. has been the owner or operator of Advanced Moving;

   b. has, among other things, had the authority to hire and fire employees, to direct and supervise the work of the employees, to sign on the checking accounts, including paychecks, and to participate in decisions regarding employee compensation and scheduling and capital expenditures; and

   c. has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

### IV. FACTUAL BACKGROUND

10. Defendant Advanced Moving is a corporation specializing in moving and storage.

11. Defendant James Lalagos is the owner or operator of Advanced Moving.

12. Plaintiff Garcia has worked as a laborer for Defendants in the Relevant FLSA/IMWL Period and the Relevant IWPCA Period.

13. Plaintiff Maldonado has worked as a laborer for Defendants in the Relevant IWPCA Period.

14. During the course of their employment, Plaintiffs engaged in moving of household items for Advanced Moving's customers within Illinois.

15. During their employment, Plaintiffs were paid approximately $13.00 per hour by Defendants for their work.

16. During the Relevant IWPCA Period, Plaintiffs had deductions made from their paychecks by Defendants without their prior written authorization at the time of the deduction in certain work weeks.

17. During the Relevant FLSA/IMWL Period, Defendants failed to pay Plaintiff Garcia the proper federally and state-mandated minimum wages for all time worked and overtime wages at one and a half times the regular rate for all hours worked in excess of forty (40) hours in a work week:

   a. For example, Defendants deducted money from Plaintiff Garcia's paycheck for damages during the Relevant FLSA/IMWL Period allegedly caused by Plaintiff Garcia while moving customers' furniture;

   b. As a result of the above-described deductions, Plaintiff Garcia was denied proper federal and state minimum wages for all time worked in individual work weeks; and

   c. As a result of the above-described deductions, Plaintiff Garcia was denied earned overtime wages.

18. Defendants deducted money from other employees' paychecks for damages allegedly caused by those employees while moving customers' furniture.

19. Defendants required Plaintiffs and other employees to wear Defendants' uniforms while working for Defendants.

20. The uniforms were for the benefit of the employer because it increased the employer's visibility.

21. Defendants deducted money from Plaintiffs Garcia, Maldonado and other employees' paychecks in certain work weeks for the cost of the uniforms ("Uniform Deduction").

22. The deductions described in paragraphs 16 – 21, *supra*, made by Defendants from Plaintiffs' paycheck were made without the express, written consent of the Plaintiffs freely given at the time of the deduction(s).

23. On information, in the work weeks in which the Defendants made Damage Deductions from similarly situated employees' wages, the deductions caused those employees' wages to fall below the federal minimum wage.

24. On information, in the work weeks in which the Defendants made Damage Deductions from similarly situated employees' wages, the deductions caused those employees' wages to fall below the Illinois minimum wage.

25. On information, in the work weeks in which the Defendants made Damage Deductions from similarly situated employees' wages, the deductions resulted in those employees not receiving overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

## V. CLASS ACTION ALLEGATIONS

5

26. Plaintiff Garcia will seek to certify this case as a class action pursuant to Fed. R. Civ. P. Rule 23 for his state law claims for (a) Illinois minimum wages as required by the IMWL (Count II); (b) Illinois overtime wages as required by the IMWL (Count IV); and (c) unlawful deductions arising under the IWPCA (Count V).

27. Plaintiff Garcia seeks to represent two classes.

   a. The class Plaintiffs seeks to represent with regard to his IMWL minimum wage claim (Count II) and overtime wage claim (Count IV) is defined as: "Plaintiff Garcia and all other similarly situated employees of Advanced Moving and James Lalagos employed from December 13, 2019 up to and including the date of judgment." ("IMWL Class")

   b. The class Plaintiff seeks to represent with regard to his IWPCA deduction claim (Count V) is defined as: "Plaintiff and all other similarly situated employees of Advanced Moving and James Lalagos employed from December 13, 2019 up to and including the date of judgment." ("IWPCA Class")

28. Counts II, IV and V are brought pursuant to Fed. R. Civ. P. Rule 23 (a) and (b) because:

   a. The classes are so numerous that joinder of all members is impracticable:

   b. While the precise number of Class Members in both classes has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed more than 100 individuals in the IMWL and IWPCA Class Periods;

   c. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

      i. Whether Defendants made deductions from the wages of Plaintiffs and the IWPCA Deduction Class for uniforms and damages charges;

      ii.      Whether Defendants obtained Plaintiffs' and the IWPCA Class's express written consent for such uniform and damages deductions freely given at the time the deduction was made;

      iii.      Whether the deductions caused Plaintiff Garcia and the IMWL Class's wages to fall below the Illinois minimum wage rate; and

      iv.      Whether the deductions resulted in Plaintiff Garcia and the IMWL Class not receiving overtime wages for all time worked in excess of forty (40) hours.

d.    Plaintiff Garcia will fairly and adequately represent and protect the interests of the Members of the Classes. Plaintiffs' Counsel is competent and experienced in litigating wage and hour and other employment class actions;

e.    The class representative and the members of the classes have been equally affected by Defendants' deductions from pay for uniforms and damages;

f.    The class representative, members of the classes and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

29.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**Federal Minimum Wage**
*On behalf of Plaintiff Garcia and a Collective of Similarly Situated Employees*

30.    Plaintiff Garcia incorporates and re-alleges paragraphs 1 through 29 of this Complaint as though set forth herein.

31.    The matters set forth in this Count arise from Defendants' violation of the FLSA for their failure to pay Plaintiff Garcia the federal minimum wage rate for all time worked in each individual work week.

7

32. During the Relevant FLSA/IMWL Period, Defendants suffered or permitted Plaintiff Garcia to work in individual work weeks.

33. During the Relevant FLSA/IMWL Period, Defendants suffered or permitted other similarly situated to work in individual work weeks.

34. During the Relevant FLSA/IMWL Period, Plaintiff Garcia and the other similarly situated employees were not exempt from the minimum wage provisions of the FLSA.

35. During the Relevant FLSA/IMWL Period, Defendants made deductions from Plaintiff Garcia and similarly situated employees' wages in certain work weeks which resulted in their wages falling below the federally-mandated minimum wage rate as discussed more fully in paragraphs 15 – 25, *supra,* and incorporated herein by reference.

36. Defendants failed to post rights under the FLSA, or in the alternative, failed to post those rights in a location where they could be seen by the employees and, thus, the statute of limitations should be tolled.

37. Plaintiff Garcia and the Collective are entitled to recover unpaid minimum wages as described herein for at least three (3) years prior to Plaintiff Garcia filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiff Garcia, on behalf of himself and other similarly situated employees, prays for a judgment against Defendants as follows:

    A. That the Court determine that this action may be certified as a collective action pursuant to Section 216(b) of the FLSA;

    B. A judgment for back wages in the amount of any hourly wage paid that was less than the full federal minimum wage rate;

    C. Liquidated damages in the amount equal to the unpaid wages;

    D. That the Court declare the Defendants violated the FLSA;

E. That the Court enjoin the Defendants from continuing to violate the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G. Such other further relief this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law**
**Illinois Minimum Wages**
*On behalf of Plaintiff Garcia and a Class of Similarly Situated Employees*

38. Plaintiff Garcia incorporates and re-alleges paragraphs 1 through 37 of this Complaint as though set forth herein.

39. The matters set forth in this Count arise from Defendants' violation of the IMWL for their failure to pay Plaintiff Garcia the Illinois minimum wage rate for all time worked in each individual work week.

40. During the Relevant FLSA/IMWL Period, Defendants suffered or permitted Plaintiff to work in individual work weeks.

41. During the Relevant FLSA/IMWL Period, Defendants suffered or permitted other similarly situated to work in individual work weeks.

42. During the Relevant FLSA/IMWL Period, Plaintiff Garcia and the other similarly situated employees were not exempt from the minimum wage provisions of the IMWL.

43. During the Relevant FLSA/IMWL Period, Defendants made deductions from Plaintiff Garcia and similarly situated employees' wages in certain work weeks which resulted in their wages falling below the Illinois-mandated minimum wage rate as discussed more fully in paragraphs 15 – 25, *supra*, and incorporated herein by reference.

44. Plaintiff Garcia and the Class are entitled to recover unpaid minimum wages as described herein for at least three (3) years prior to the filing of this lawsuit pursuant to the IMWL.

WHEREFORE, Plaintiff Garcia, on behalf of himself and other similarly situated employees, prays for a judgment against Defendants as follows:

A. That the Court determine that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment for back wages in the amount of any hourly wage paid that was less than the full Illinois minimum wage rate;

C. Liquidated damages in the amount equal to treble the unpaid wages pursuant to 820 ILCS 105/12(a);

D. Statutory interest pursuant to the formula set forth in 820 ILCS 105/12(a);

E. That the Court declare the Defendants violated the IMWL;

F. That the Court enjoin the Defendants from continuing to violate the IMWL;

G. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

H. Such other further relief this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act
### Federal Overtime Wages
*On behalf of Plaintiff Garcia and a Collective of Similarly Situated Employees*

45. Plaintiff Garcia incorporates and re-alleges paragraphs 1 through 44 of this Complaint as though set forth herein.

46. The matters set forth in this Count arise from Defendants' violation of the FLSA for their failure to pay Plaintiff Garcia overtime wages for all time worked in excess of forty (40) hours in individual work weeks as required by federal law.

47. During the Relevant FLSA/IMWL Period, Defendants suffered or permitted Plaintiff Garcia to work in excess of forty (40) hours in individual work weeks.

48. During the Relevant FLSA/IMWL Period, Defendants suffered or permitted other similarly situated to work in excess of forty (40) hours in individual work weeks.

49. During the Relevant FLSA/IMWL Period, Plaintiff Garcia and the other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

50. During the Relevant FLSA/IMWL Period, Defendants made deductions from Plaintiff Garcia and similarly situated employees' wages in certain work weeks which resulted in their being denied federally-mandated overtime wages as discussed more fully in paragraphs 15 – 25, *supra,* and incorporated herein by reference.

51. Defendants failed to post rights under the FLSA, or in the alternative, failed to post those rights in a location where they could be seen by the employees and, thus, the statute of limitations should be tolled.

52. Plaintiff Garcia and the Collective are entitled to recover unpaid overtime wages as described herein for at least three (3) years prior to Plaintiff Garcia filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiff Garcia, on behalf of himself and other similarly situated employees, prays for a judgment against Defendants as follows:

    A. That the Court determine that this action may be certified as a collective action pursuant to Section 216(b) of the FLSA;

    B. A judgment for back wages in the amount of owed overtime wages;

    C. Liquidated damages in the amount equal to the unpaid overtime wages;

    D. That the Court declare the Defendants violated the FLSA;

    E. That the Court enjoin the Defendants from continuing to violate the FLSA;

    F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

    G. Such other further relief this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law

## Illinois Overtime Wages
### *On behalf of Plaintiff Garcia and a Class of Similarly Situated Employees*

53. Plaintiff Garcia incorporates and re-alleges paragraphs 1 through 52 of this Complaint as though set forth herein.

54. The matters set forth in this Count arise from Defendants' violation of the IMWL for their failure to pay Plaintiff Garcia overtime wages for all time worked in excess of forty (40) hours in individual work weeks as required by Illinois law.

55. During the Relevant FLSA/IMWL Period, Defendants suffered or permitted Plaintiff Garcia to work in excess of forty (40) hours in individual work weeks.

56. During the Relevant FLSA/IMWL Period, Defendants suffered or permitted other similarly situated to work in excess of forty (40) hours in individual work weeks.

57. During the Relevant FLSA/IMWL Period, Plaintiff Garcia and the other similarly situated employees were not exempt from the overtime wage provisions of the IMWL.

58. During the Relevant FLSA/IMWL Period, Defendants made deductions from Plaintiff Garcia and similarly situated employees' wages in certain work weeks which resulted in their being denied Illinois-mandated overtime wages as discussed more fully in paragraphs 15 – 25, *supra,* and incorporated herein by reference.

59. Plaintiff Garcia and the Class are entitled to recover unpaid overtime wages as described herein for at least up to three (3) years prior to the filing of this lawsuit pursuant to the IMWL.

WHEREFORE, Plaintiff Garcia, on behalf of himself and other similarly situated employees, prays for a judgment against Defendants as follows:

  A. That the Court determine that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment for back wages in the amount of owed overtime wages;

C. Liquidated damages in the amount equal to treble the unpaid overtime wages;

D. Statutory interest pursuant to the formula set forth in 820 ILCS 105/12(a);

E. That the Court declare the Defendants violated the IMWL;

F. That the Court enjoin the Defendants from continuing to violate the IMWL;

G. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

H. Such other further relief this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act
### Unauthorized Deductions
*On behalf of Plaintiffs and a Class of Similarly Situated Employees*

60. Plaintiff incorporates and re-alleges paragraphs 1 through 59 of this Complaint as though set forth herein.

61. The matters set forth in this Count arise from Defendants' violation of the IWPCA for deducting the cost of uniforms and damages costs from Plaintiffs and other similarly situated employees' weekly wages without express written consent, freely given at the time of the deduction as described more fully in paragraphs 15 – 25, *supra*, and incorporated herein by reference.

62. During the Relevant IWPCA Period, the Plaintiffs and similarly situated employees had deductions made from their weekly wages for the purpose of paying for uniforms required by the Defendants as described more fully in paragraphs 15 – 25, *supra*, and incorporated herein by reference.

63. During the Relevant IWPCA Period, the Plaintiffs and similarly situated employees had deductions made from their weekly wages for the purpose of paying for damages charges

required by the Defendants or uniforms as described more fully in paragraphs 15 – 25, *supra*, and incorporated herein by reference.

64. During the Relevant IWPCA Period, the Plaintiffs and similarly situated employees had the above-described deductions from their paychecks without their express written consent, freely given at the time of the deduction.

65. The deduction for uniforms and damage charges was not for one of the enumerated exemptions in the IWPCA barring deductions from wages without the express written consent of the employees, freely given at the time of the deduction and were not:

   a. required by law;

   b. to the benefit of the employee; or

   c. in response to a valid wage assignment or wage deduction order.

66. The deductions made from Plaintiffs and other similarly situated employees' earned wages for the costs of uniforms required by the employer violated the IWPCA.

67. The deductions made from Plaintiffs and other similarly situated employees' earned wages for the damage deductions required by the employer violated the IWPCA.

68. Plaintiffs and the Class are entitled to recover the amount of the unlawful deductions as described herein for at least ten (10) years prior to the filing of this lawsuit pursuant to 735 ILCS 5/13-206 (setting a 10-year limitations period for actions brought under the IWPCA).

WHEREFORE, Plaintiff Garcia, on behalf of himself and other similarly situated employees, prays for a judgment against Defendants as follows:

   A. That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

   B. A judgment in the amount of all money deducted from the compensation of Plaintiff Garcia and similarly situated employees, including for uniforms and damages, in individual work weeks by Defendants;

  C. Statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

  D. That the Court declare the Defendants violated the IWPCA;

  E. That the Court enjoin the Defendants from continuing to violate the IWPCA;

  F. Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

  G. Such other further relief this Court deems appropriate and just.

           Respectfully submitted on behalf of
           Guadalupe Garcia and Edgar Maldonado,

Dated: December 13, 2022

           */s/Christopher J. Williams*
           Christopher J. Williams (ARDC #6284262)
           National Legal Advocacy Network
           1 N. LaSalle Street, Suite 1275
           Chicago, Illinois 60604

           Attorneys for Plaintiffs